IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| NAZARIO CHAVEZ, JR., #01539693 | § | |
| VS. | § | CIVIL ACTION NO. 9:11cv121 |
| DARRON LANE, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER DENYING ENTRY OF DEFAULT

Plaintiff Nazario Chavez, an inmate confined in the Eastham Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit under 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

The original complaint was filed on July 21, 2011. On February 9, 2012, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. Following the hearing, the Court issued a Memorandum Opinion and Order of Partial Dismissal dismissing Defendants Erwin and Oliver but permitting Plaintiff to proceed with his claim of excessive use of force against Defendant Lane. Concurrently, the Court issued an Order to Answer the complaint, giving Defendant Lane 30 days from receipt of the order to file an answer. *See* docket entry #36 dated February 13, 2012. The Law Enforcement Division of the Office of the Texas Attorney General, acting on behalf of the remaining Defendant, acknowledged receipt of the Order to Answer on March 1, 2012. *See* docket entry #40.

Plaintiff now files his Motion for Entry of Default (docket entry #43). He contends that

1

"[m]ore than 20 days have elapsed since the date on w[h]ich the Defendants herein were served with summons and a copy of Plaintiff's complaints, excluding the date thereof." Motion at 1. He therefore seeks entry of default, presumably pursuant to Fed. R. Civ. P. 55(a), which is prefatory to entering a default judgment pursuant to Fed. R. Civ. P. 55(b), Plaintiff's next logical step.

Rule 12(a) of the Federal Rules of Civil Procedure specifies that "[u]nless another time is specified by this rule... [a] defendant must serve an answer [] within 21 days after being served the summons and complaint[.]" In this case, the timing of Defendant's responsive pleading was governed not by the explicit time of Rule 12(a), but by the Court's Order to Answer issued February 13, 2012 (docket entry #36). *See id*. at 1 ("Defendant Darron Lane shall have thirty days from the receipt hereof within which to answer or otherwise plead to the Plaintiff's complaint."). Aside from the fact that Rule 12(a) permits a modification of the time for filing an answer, "a federal district court has both specific and inherent power to control its docket." *See Miller v. Thaler*, 2011 WL 3209879, at *1 (5th Cir. July 28, 2011) (quoting *In re United Markets Int'l, Inc.*, 24 F.3d 650, 654 (5th Cir. 1994)). That control includes modifications of filing and briefing schedules, either on motion or *sua sponte*. Here, the Court gave Defendant 30 days from the date of receipt in which to answer; therefore, the standard of 20 days from date of service cited by Plaintiff, *see* Motion at 1, is incorrect.

The Office of the Attorney General of Texas, on Defendant's behalf, acknowledged receipt on March 1, 2012, giving Defendant until March 31, 2012, in which to file his answer. In fact, Defendant filed his answer on March 29, 2012. *See* docket entry #45. Therefore, Defendant's answer is timely and there is no basis for an entry of default or Plaintiff's ostensible next step, default judgment. It is therefore

2

**ORDERED** that Plaintiff's Motion for Entry of Default (docket entry #43) is hereby **DENIED**. To the extent the motion might be construed as a motion for default judgment pursuant to Fed. R. Civ. P. 55(b), it is also **DENIED**.

So **ORDERED** and **SIGNED** this **2** day of **April, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE