IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| NAZARIO CHAVEZ, JR., #01539693 | § | |
| VS. | § | CIVIL ACTION NO. 9:11cv121 |
| DARRON LANE, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER DENYING ENTRY OF DEFAULT

Plaintiff Nazario Chavez, an inmate confined in the Eastham Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit under 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

The original complaint was filed on July 21, 2011. On February 9, 2012, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. Following the hearing, the Court issued a Memorandum Opinion and Order of Partial Dismissal dismissing Defendants Erwin and Oliver but permitting Plaintiff to proceed with his claim of excessive use of force against Defendant Lane. Concurrently, the Court issued an Order to Answer the complaint, giving Defendant Lane 30 days from receipt of the order to file an answer. *See* docket entry #36 dated February 13, 2012. The Law Enforcement Division of the Office of the Texas Attorney General, acting on behalf of the remaining Defendant, acknowledged receipt of the Order to Answer on March 1, 2012. *See* docket entry #40. Defendant filed his answer on March 29, 2012. *See* docket entry #45.

Plaintiff now files his Declaration for Entry of Default (docket entry #63), seeking entry of default based on his claim that Defendant Lane has been "evasive" and not timely in responding to his discovery requests. *See* Declaration at 2. The Court construes the Declaration as a Motion for Entry of Default, Plaintiff's second such motion.

First, as the Court determined in response to Plaintiff's first such motion, Defendant has timely filed his answer to the complaint. Therefore, there is no basis for Plaintiff's motion. As Defendant points out, the fact that he has answered is all that is required to preclude entry of default under Fed. R. Civ. P. 55. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (citing Fed. R .Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has *failed to plead or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must entry the party's default." (emphasis added)). Defendant has not failed to plead in response or defend in response to the complaint. Therefore, entry of default is not warranted.

Second, even if there were a basis for entry of default simply over a discovery dispute, the Court has limited discovery in this case to the initial disclosures ordered in the Order to Answer and Scheduling Order of February 13, 2012 (docket entry #36), except for discovery approved by the Court. The Court has not approved any such additional discovery and, by separate Order, has denied Plaintiff's attempts to seek such discovery. Defendant Lane has filed notices of disclosure and Plaintiff has not identified in any way how his disclosures are deficient.

It is therefore

**ORDERED** that Plaintiff's Declaration for Entry of Default (docket entry #63), construed

2

as a Motion for Entry of Default, is hereby **DENIED**. To the extent the motion might be construed as a motion for default judgment pursuant to Fed. R. Civ. P. 55(b), it is also **DENIED**.

So **ORDERED** and **SIGNED** this 19 day of **June, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE