IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| NAZARIO CHAVEZ, JR., #01539693 | § | |
| VS. | § | CIVIL ACTION NO. 9:11cv121 |
| DARRON LANE, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER DENYING DEFAULT JUDGMENT

Plaintiff Nazario Chavez, an inmate confined in the Eastham Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit under 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

The original complaint was filed on July 21, 2011. On February 9, 2012, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. Following the hearing, the Court issued a Memorandum Opinion and Order of Partial Dismissal dismissing Defendants Erwin and Oliver but permitting Plaintiff to proceed with his claim of excessive use of force against Defendant Lane. Concurrently, the Court issued an Order to Answer the complaint, giving Defendant Lane 30 days from receipt of the order to file an answer. *See* docket entry #36 dated February 13, 2012. The Law Enforcement Division of the Office of the Texas Attorney General, acting on behalf of the remaining Defendant, acknowledged receipt of the Order to Answer on March 1, 2012. *See* docket entry #40. Defendant filed his answer on March 29, 2012. *See* docket entry #45.

1

Plaintiff recently filed a Declaration for Entry of Default (docket entry #63), seeking entry of default based on his claim that Defendant Lane has been "evasive" and not timely in responding to his discovery requests. The Court construed the Declaration as a Motion for Entry of Default, Plaintiff's second such motion, and entered a Memorandum Opinion and Order denying it on June 19, 2012 (docket entry #67). Nonetheless, Plaintiff has now filed a Motion for Default Judgment (docket entry #71), apparently relying on his Declaration for Entry of Default, above, as the basis for his motion. It is unclear to the Court whether Plaintiff's motion crossed in the mail with the Court's previous Memorandum Opinion and Order or if Plaintiff still seeks default judgment notwithstanding that order.

As the Court has determined, Defendant has timely filed his answer to the complaint. Therefore, there is no basis for Plaintiff's motion. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (citing Fed. R .Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has *failed to plead or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." (emphasis added)). Defendant has not failed to plead in response or defend in response to the complaint. Therefore, he has not defaulted and a default judgment is inappropriate. It is accordingly

**ORDERED** that Plaintiff's Motion for Default Judgment (docket entry #71), is hereby **DENIED**.

So **ORDERED** and **SIGNED** this **1**   day of **July, 2012.**

  _____
  JUDITH K. GUTHRIE
  UNITED STATES MAGISTRATE JUDGE

2