IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| NAZARIO CHAVEZ, JR., #01539693 | § | |
| VS. | § | CIVIL ACTION NO. 9:11cv121 |
| DARRON LANE, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Nazario Chavez, an inmate confined in the Eastham Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit under 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

I.   BACKGROUND

The original complaint was filed on July 21, 2011. On February 9, 2012, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The hearing was conducted "to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." *Id*. at 180. The hearing is "in the nature of a motion for more definite statement." *Id*. at 180-181.

Plaintiff claims in his complaint and testified at greater length at the *Spears* hearing that on August 13, 2009, at the Eastham Unit, he was going into the shower. He testified he took a towel and looked for a locker in which to place his clothes when Defendant Sergeant (now Lieutenant)

1

Lane attacked him from behind. Plaintiff testified he was naked and had his clothes in his hand and froze at the attack, then laid down on the floor in the shower and Defendant Lane jumped on his back. Plaintiff claimed Defendant Lane hit him on the back of his head multiple times, then grabbed his head and banged it into the floor until Plaintiff "passed out." He testified he was in fear of death and was unclear what would happen.

He further testified he "woke up on the floor" and Defendant Lane was still there; he stated he had to "break free," but was unclear whether Defendant Lane was still allegedly on his back at that time or what their status was. He testified that Lt. Gillitin came into the shower and "took" Defendant Lane off of him and separated them. The lieutenant picked Plaintiff up, handcuffed him and took him to the infirmary. He testified that Defendant Lane said that the incident had been a "use of force," although Plaintiff was unclear as to what he thought Defendant Lane meant by that. Plaintiff testified that he had injured his head as a result of the alleged attack.

At the medical clinic, a video camera was brought in and pictures taken. Plaintiff testified that the nurse was the only one asking questions, which were limited to the nature of "is anything wrong" and to that effect. He testified he was shaken up and that the nurse became upset with his responses. He thought he had been bleeding, but was unsure. However, he testified he received no stitches or bandages; he simply was subjected to being recorded on video and then taken to prehearing detention (PHD).

Plaintiff testified that he was written up a disciplinary case for assaulting an officer on Defendant Lane's allegedly "false statement" that Plaintiff had first hit him with a closed fist. He was subsequently found guilty of the charge. Plaintiff testified that he had never hit anyone, then or before, and had no "bad blood" with anyone at the Unit.

Following the *Spears* hearing, the Court issued a Memorandum Opinion and Order of Partial Dismissal dismissing Defendants Erwin and Oliver but permitting Plaintiff to proceed with his claim of excessive use of force against Defendant Lane.

Defendant Lane has now filed a Motion for Summary Judgment (docket entry #62) (MSJ) asserting that Plaintiff failed to exhaust his administrative remedies before filing his lawsuit. Plaintiff has not filed a response in opposition. He did file a "Motion to Strike" (docket entry #84), but did not identify the pleading that he contends should be stricken for failure to sign it. However, it appears that he is referring to Defendant's response (docket entry #81) to Plaintiff's own Motion for Summary Judgment (docket entry #77). Because no opposition has been filed to Defendant Lane's MSJ, the Court assumes that Plaintiff has no opposition to it. *See* E.D. Tex. Local R. 7(d).

### II.  STANDARD ON SUMMARY JUDGMENT

Rule 56(a), Fed. R. Civ. P., provides that the Court may only grant a motion for summary judgment when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *VRV Development L.P. v. Mid-Continent Cas. Co.*, 630 F.3d 451, 455 (5th Cir. 2011) (quoting Fed.R.Civ.P. 56(a)). The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine dispute as to a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conco, Inc.*, 76

F.3d 651, 655 (5th Cir. 1996). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Id*. Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Id*.

Summary judgment is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *Honore v. Douglas*, 833 F.2d 565 (5th Cir. 1987). The district court must look to the full record, including the pleadings, affidavits, and depositions. *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). Under this standard, fact questions are considered with deference to the nonmovant. *Reid v. State Farm Mutual Automobile Insurance Co.*, 784 F.2d 577, 578 (5th Cir. 1986). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986). The court resolves factual controversies for purposes of summary judgment in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Little*, 37 F.3d at 1075. The court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1048 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075).

"The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48. An issue is "genuine" if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inference in such party's favor that the evidence allows, would be sufficient to support a verdict in

favor of the party. *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987). A "material fact" is one that might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. "When the moving party has carried its burden under Rule 56(c),[1] its opponent must do more than simply show that there is some metaphysical doubt as to the material facts ... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (footnote omitted).

Furthermore, in that this is a civil rights claim pursuant to 42 U.S.C. § 1983, "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lemons v. Swann*, 412 Fed. Appx. 672, 673 (5th Cir. 2011) (per curiam) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990)).

### III. DISCUSSION AND ANALYSIS

Defendant asserts that Plaintiff has failed to exhaust his administrative remedies with regard to the claim that Defendant assaulted him. In support of this assertion, Defendant has submitted as summary judgment evidence Plaintiff's grievances dated August 24, 2009; August 25, 2009; and September 22, 2009, certified under the Business Records Affidavit of the Manager, Offender Grievance, TDCJ. *See* MSJ Ex. A (grievances Bates numbered chavez000000001-02; chavez 000000003-04; and chavez000000005-06, respectively). Defendant also submits pertinent excerpts from the TDCJ Offender Orientation Handbook. *See* MSJ Ex. B.

The law governing the exhaustion of administrative remedies is 42 U.S.C. § 1997e. In 1996,

---

[1] The predecessor to the current Rule 56(a).

Congress enacted the Prison Litigation Reform Act, which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court accordingly unanimously concluded that inmates must exhaust their administrative remedies before proceeding to federal court. *Booth v. Churner*, 532 U.S. 731, 741, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). The Supreme Court subsequently held that exhaustion is mandatory and is required for all actions brought by prisoners. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). Later, the Supreme Court reiterated that exhaustion is mandatory and will not be excused when an inmate fails to timely exhaust his administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). Exhaustion also requires that a prisoner satisfy the requirement of "proper exhaustion." *Id*. at 83 (which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)[,]" quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.), *cert. denied*, 537 U.S. 949, 123 S. Ct. 414, 154 L. Ed. 2d 293 (2002)). Most recently, the Supreme Court stated in *Jones v. Bock*, 549 U.S. 199, 211, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007), that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." However, "failure to exhaust is an affirmative defense under the PLRA, and [ ] inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id*. at 216. Subsequently, the Fifth Circuit added that after *Jones v. Bock*, a complaint is still subject to dismissal for failure to state a claim where the prisoner's failure to exhaust appeared on the face of the complaint. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007); *Torns v. Mississippi Dept. of Corrections*, 301 Fed. Appx. 386, 388-89 (5th Cir. 2008) (per curiam). Here, Defendant affirmatively pleads failure to exhaust in his MSJ.

> The Fifth Circuit has described the TDCJ grievance process:
>
> The Texas prison system has developed a two-step formal grievance process. The Step 1 grievance, which must be filed within fifteen days of the complained-of incident, is handled within the prisoner's facility. After an adverse decision at Step 1, the prisoner has ten days to file a Step 2 grievance, which is handled at the state level. This court has previously held that a prisoner must pursue a grievance through both steps for it to be considered exhausted.

*See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). The TDCJ grievance procedure requires an inmate to "be very specific about your grievance or your problem." *Id*. That is, the grievances must contain specific facts, but not "legal words or conclusions." *Id*. These facts must give "prison officials 'fair notice' of the problem that will form the basis of the prisoner's suit." *Id*. at 516. However, a prisoner "need not present legal theories in his grievances." *Id*. at 517 (citing *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003)).

Here, as noted above, Plaintiff asserts in his complaint that Defendant Lane attacked him from behind while he was naked in the shower on August 13, 2009, knocking him to the concrete floor and banging his head onto the floor until he passed out. The summary judgment evidence Defendant Lane submits includes a Step 1 grievance complaining of that alleged attack, dated August 24, 2009. Warden Erwin responded to the grievance on September 30, 2009, relating that Defendant Lane denied the allegations but that the grievance was included with the use of force report for further review. *See* MSJ Ex. A at chavez000000001-02. Plaintiff, however, did not file a Step 2 grievance on that complaint.

He did file Step 1 and Step 2 grievances on his complaint that a disciplinary case was filed against him for striking Defendant Lane in the face, in which he was found guilty. *See id*. at chavez 000000003-6. However, those grievances dealt with the fairness of the disciplinary proceedings and

Plaintiff's right to submit evidence during them. *See id*. They do not address the claim that Defendant Lane allegedly attacked Plaintiff in the first instance.

Defendant also submits a portion of the TDCJ Offender Orientation Handbook as MSJ Ex. B, including Section VI., the Grievance Procedures for Offenders. *See generally* MSJ Ex. B. That reinforces the requirement stated above that an inmate must exhaust his administrative remedies through both a Step 1 and a Step 2 grievance.

In this case, it is clear that Plaintiff did not complete the grievance process through both Step 1 *and* Step 2 to exhaust his administrative remedies as required under the Offender Orientation Handbook and under the PLRA. Furthermore, Plaintiff has submitted nothing in opposition to Defendant Lane's MSJ.

Therefore, there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *VRV Development L.P.*, 630 F.3d at 455; Fed. R. Civ. P. 56(a). Thus, Plaintiff's instant lawsuit must be dismissed as unexhausted.

Dismissal for failure to exhaust before filing a lawsuit is in effect a dismissal for failure to state a claim upon which relief may be granted. *Emmett v. Ebner*, 423 Fed. Appx. 492, 493-94 (5th Cir. 2011) (per curiam). Therefore, such a dismissal should count as a "strike" pursuant to 28 U.S.C. § 1915A(b)(1).

Additionally, because Plaintiff has failed to exhaust and his lawsuit must be dismissed in any event, it is unnecessary to consider his own MSJ or his recent second Motion for Production of Documents or his Motion to Strike.

It is accordingly

**ORDERED** that Defendants' Motion for Summary Judgment for Failure to Exhaust

Administrative Remedies (docket entry #62) is hereby **GRANTED**. It is further

**ORDERED** that any motion not previously ruled on, including but not limited to Plaintiff's Motion for Summary Judgment (docket entry #77), second Motion for Production of Documents (docket entry #82) and Motion to Strike (docket entry #84), are hereby **DENIED**. It is finally

**ORDERED** that Plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The Clerk shall deliver a copy of this Memorandum Opinion and Order to the Three Strikes Coordinator for the Eastern District of Texas.

So **ORDERED** and **SIGNED** this **20** day of **August, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE