IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| NAZARIO CHAVEZ, JR., #01539693 | § | |
| VS. | § | CIVIL ACTION NO. 9:11cv121 |
| DARRON LANE, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Navario Chavez, Jr., proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983. The complaint was assigned to the undersigned pursuant to 28 U.S.C. § 636(c).

On August 20, 2012, the Court entered a Memorandum Opinion and Order dismissing this case with prejudice for failure to exhaust administrative remedies, and entered Final Judgment (docket entries #85, 86). Although Plaintiff filed two notices after judgment was entered, neither related to the judgment and it was apparent from them that Plaintiff was unaware of judgment having been entered when he filed them. He did not file an acknowledgment of receipt of the judgment, but on September 25, 2012, he filed a Motion for a Time Extension (docket entry #89), marked as dated September 20, 2012. In it, he seeks an extension of time due to a recent housing change and because he apparently is in administrative segregation.

He actually makes two motions in one filing. He first requests an extension for more time to answer the final judgment and to file objections with a memorandum of law and possibly to amend his complaint, along with affidavits and declarations. Motion at ¶ 3. He then states that he needs more time to file a notice of appeal, apparently meaning after the Court responds to his post-judgment motions. *Id*. at ¶ 4. In no case does he specify how long an extension he seeks.

1

Plaintiff is advised that motions to alter or amend the judgment may be filed pursuant to Fed. R. Civ. P. 59(e) no later than 28 days after the entry of the judgment. Alternatively, motions for relief from final judgment may be made pursuant to Fed. R. Civ. P. 60(b)(1)-(6) after the 28-day limitation, but must be made "within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment . . . ." Fed. R. Civ. P. 60(c)(1). Therefore, the Court will not grant a specific extension of time in which to file such a motion.

As to Plaintiff's motion for an extension of time to file a notice of appeal, normally a notice of appeal must be filed with the District Court within 30 days after entry of the judgment. *See* Fed. R. App. P. 4(a)(1)(A). A motion for extension of time may be granted if the motion is filed no later than 30 days after the 30-day period above expires and, regardless of whether the motion is filed before or during the 30 day period after the 30-day period above expires, if the movant shows excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5)(A); *Jackson v. Thaler*, 395 Fed. Appx. 142, 143 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 1497, 179 L. Ed. 2d 326 (2011). As an inmate confined in an institution, a notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing and timeliness may be shown by a declaration in compliance with 28 U.S.C. § 1748 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid. In this case, although not notarized, Plaintiff dated his motion September 20, 2012, and its envelope carried both first-class postage and a return address to Plaintiff's prison unit. *See* PageID #279.

Plaintiff's request for an extension of time to file his notice of appeal until after he has completed his challenges to the final judgment is inappropriate and cannot be granted as such. However, Plaintiff has conveyed his intent to file a notice of appeal and filed a motion to extend the time in which to do so, in light of his difficulty in communicating while in administrative

segregation. It is unclear whether his motion was filed before or after the 30-day period after he received his first notice of final judgment. However, even if 30 days has elapsed, he has shown good cause by virtue of his confinement in administrative segregation, and he is otherwise within the time limits embraced by Fed. R. App. P. 4(a)(5). Therefore, the Court will construe Plaintiff's motion as a Notice of Appeal and grant the motion for an extension of time in which to file it, to the extent it is necessary. *Cf. Hill v. Kervin*, 326 Fed. Appx. 279, 280 (5th Cir. 2009) (construing a motion to proceed *in forma pauperis* as a notice of appeal).

It is accordingly

**ORDERED** that Plaintiff-Appellant's Motion for an Extension of Time (docket entry #89) in which to file a challenge to the Final Judgment is **DENIED** as unnecessary. Plaintiff-Appellant may file his challenge pursuant to Fed. R. Civ. P. 59(e) or 60(b), as appropriate according to the time he files it. It is further

**ORDERED** that Plaintiff-Appellant's Motion for an Extension of Time (docket entry #89) to file a notice of appeal is **GRANTED**. The Clerk is directed to identify Plaintiff-Appellant's Motion at docket entry #89 as a constructive Notice of Appeal and enter it as such on the docket. Plaintiff-Appellant is advised that he must now conform to the timing requirements of the Federal Rules of Appellate Procedure for filing his briefs and other materials with the United States Court of Appeals for the Fifth Circuit. If he wishes to proceed *in forma pauperis* on appeal, he must file that motion in the District Court.

So **ORDERED** and **SIGNED** this **27** day of **September, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE