IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| NAZARIO CHAVEZ, JR., #01539693 | § | |
| VS. | § | CIVIL ACTION NO. 9:11cv121 |
| DARRON LANE, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Nazario Chavez, an inmate confined in the Eastham Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit under 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

Plaintiff filed his original complaint on July 21, 2011. Following an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), on February 9, 2012, the Court issued a Memorandum Opinion and Order of Partial Dismissal, which dismissed Defendants Warden Erwin and Assistant Warden Oliver, but directed that the lawsuit against Defendant Sergeant Lane could proceed. On May 29, 2012, Defendant Lane filed a Motion for Summary Judgment, asserting that Plaintiff had not exhausted his administrative remedies through the prison grievance system. On August 20, 2012, the Court granted summary judgment on Defendant Lane's behalf and dismissed the lawsuit with final judgment entered.

Plaintiff has appealed the dismissal and has more recently filed a Motion for Relief From a Judgment or Order (docket entry #103), citing Fed. R. Civ. P. 60(a) and (b).

## I. BACKGROUND

Plaintiff claims in his complaint and testified at greater length at the *Spears* hearing that on August 13, 2009, at the Eastham Unit, he was going into the shower. He testified he took a towel and looked for a locker in which to place his clothes when Defendant Sergeant Lane attacked him from behind. Plaintiff testified he was naked and had his clothes in his hand and froze at the attack, then laid down on the floor in the shower and Defendant Lane jumped on his back. Plaintiff claimed Defendant Lane hit him on the back of his head multiple times, then grabbed his head and banged it into the floor until Plaintiff "passed out." He testified he was in fear of death and was unclear what would happen.

He further testified he "woke up on the floor" and Defendant Lane was still there; he stated he had to "break free," but was unclear whether Defendant Lane was still allegedly on his back at that time or what their status was. He testified that Lt. Gillitin came into the shower and "took" Defendant Lane off of him and separated them. The lieutenant picked Plaintiff up, handcuffed him and took him to the infirmary. He testified that Defendant Lane said that the incident had been a "use of force," although Plaintiff was unclear as to what he thought Defendant Lane meant by that. Plaintiff testified that he had injured his head as a result of the alleged attack.

At the medical clinic, a video camera was brought in and pictures taken. Plaintiff testified that the nurse was the only one asking questions, which were limited to the nature of "is anything wrong" and to that effect. He testified he was shaken up and that the nurse became upset with his responses. He thought he had been bleeding, but was unsure. However, he testified he received no stitches or bandages; he simply was subjected to being recorded on video and then taken to prehearing detention (PHD).

Plaintiff testified that he was written up a disciplinary case for assaulting an officer on Defendant Lane's allegedly "false statement" that Plaintiff had first hit him with a closed fist. He was subsequently found guilty of the charge. Plaintiff testified that he had never hit anyone, then or before, and had no "bad blood" with anyone at the Unit.

Following the *Spears* hearing, the Court issued a Memorandum Opinion and Order of Partial Dismissal dismissing Defendants Erwin and Oliver but permitting Plaintiff to proceed with his claim of excessive use of force against Defendant Lane.

Defendant Lane filed his answer on March 29, 2012. On May 29, 2012, he then filed a Motion for Summary Judgment ("MSJ") asserting that Plaintiff failed to exhaust his administrative remedies before filing his lawsuit. When the Court took up the summary judgment motion, it noted that Plaintiff had filed a "Motion to Strike," which appeared to be aimed at Defendant Lane's response to Plaintiff's own summary judgment motion, but did not find an opposition filed as to Defendant Lane's MSJ itself. In further review of the docket on Plaintiff's motion for relief from judgment, the Court finds that Plaintiff did file a document that he did not identify as an "opposition," "response" or "reply" to Defendant Lane's MSJ, but instead titled an "Order Denying Summary Judgment" (docket entry #70). In it, Plaintiff appears to assume the Court's role and states, "The Plaintiff now enters this Order denying summary judgement for disobidience [*sic*] with the Courts Scheduling Order, 60 day default notice and deny Defendants his proposed order for a dismissal." *See* docket entry #70 at 4 (PageID #207).[1] The Court will address that argument herein along with Plaintiff's instant Motion for Relief From a Judgment or Order, which will be denied.

---

[1] The Court notes that Plaintiff has taken this same tack in other recent filings, *i.e.*, entering "orders" in lieu of motions or other appropriate pleadings. Where appropriate, the Court will treat such filings as motions.

3

## II. STANDARD

If a motion for relief from judgment is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *See Shepherd*, 372 F.3d at 328 n.1; *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, 2011 WL 798204, at *2 (S.D. Tex. Mar. 1, 2011) (noting that the Fifth Circuit drew the line at 10 days in *Shepherd* instead of 28 days because the case was decided before the amendments to Rule 59 took effect on December 1 2009).[2] In this case, judgment was entered on August 20, 2012. Plaintiff's motion for relief from judgment was filed on November 13, 2012,[3] long after the 28 day requirement of Rule 59(e).

Turning instead to Federal Rule of Civil Procedure 60(b), that Rule reads:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying

---

[2] Rule 59(e) was amended in 2009 to extend the time for timely filing from 10 days to 28 days. Although a Fifth Circuit case has not yet explicitly observed the change, district courts within the Fifth Circuit have widely applied it in situations such as this. *See, e.g., Alack v. Jaybar, LLC*, 2011 WL 3626687, at *2 & n.4 (E.D. La. Aug. 17, 2011) (citing *Shepherd*, 372 F.3d at 328 n.1).

[3] Plaintiff's motion does not include a statement of delivery to the prison mailing system. In a "Certificate of Services," he asserts that he served a copy of his motion "to each attorney of record on this 17th day of May 2012," Motion at 2 (PageID #371), which is obviously incorrect inasmuch as judgment was not even entered until August 20, 2012. His attached letter to the Clerk is dated November 4, 2012, and the postmark on the envelope is November 7, 2012. Each of these dates is more than 28 days after entry of judgment. Plaintiff also filed a "Memorandum of Law and Order" on October 3, 2012, in which he purports to substitute his own "judgment" for that of the Court, ostensibly dated September 27, 2012. Those dates are also more than 28 days after the Court's entry of judgment.

4

it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6); *Cazier v. Thaler*, 2010 WL 2756765, at *1 n.1 (W.D. Tex. July 12, 2010); *see also Reed v. Gallegos*, 2009 WL 5216871, at *1 (S.D. Tex. Dec. 29, 2009). A Rule 60(b) motion "must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order. . . ." Fed. R. Civ. P. 60(c)(1). A decision with respect to a motion to reconsider pursuant to Rule 60(b) is left to the "sound discretion of the district court and will only be reversed if there is an abuse of that discretion." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604 (5th Cir. 1986)).

Here, Plaintiff has not articulated a specific reason under Rule 60(b) for relief from judgment. However, the nature of his argument appears to eliminate reasons (1), (2), (3), or (5), leaving possibly (4) ("the judgment is void") or (6) ("any other reason that justifies relief").

In analyzing the Rule 60(b) motion, the Court again notes that Plaintiff has filed a Notice of Appeal of the judgment in this case. *See* docket entry #91. "[A] perfected appeal divests the district court of jurisdiction." *Shepherd*, 372 F.3d at 329 (quoting *Winchester v. United States Attorney for S. Dist. of Texas*, 68 F.3d 947, 950 (5th Cir.1995)). Once a notice of appeal has been filed, the district court may consider or deny a motion for reconsideration or relief from judgment, but "it no longer has jurisdiction to *grant* such a motion while the appeal is pending." *Id*. (discussing Rule 60(b)(6) motion; emphasis in original). If the district court is inclined to grant the motion, it is necessary to obtain leave from the Court of Appeals. *Id*. Such leave is not necessary in this case,

5

as the Court will deny Plaintiff's motion for relief from judgment, construed under Rule 60(b).[4]

III. DISCUSSION AND ANALYSIS

Plaintiff's motion is not entirely clear, but he refers to having filed his "Order," which the Court takes to refer to his earlier "Order Denying Summary Judgment," discussed above. *See* docket entry #70. In that pleading, Plaintiff asserts that he "applied the grievance procedure process and has given the opportunity for administrative review." *See* docket entry #70 at 3 (PageID #206). Nonetheless, he also acknowledges that Defendant Lane's MSJ is predicated on Plaintiff not having filed a Step 2 grievance regarding the alleged assault on him by Defendant Lane. *Id*. He further asserts that on August 24, 2009, he filed his Step 1 grievance and on September 30, 2009, he was sent a response denying it. *Id*. He further asserts that he "appealed the denial of the grievance." *Id*. However, he offered no evidence to support that conclusory statement. *Id*. Therefore, his "Order Denying Summary Judgment" would not have precluded the Court's grant of summary judgment to Defendant Lane in any case. *Stults v. Conco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996) (once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden). Additionally, Plaintiff filed his "order denying summary judgment for

---

[4] Plaintiff also cited Rule 60(a) in his motion. However, Rule 60(a) permits a Court to correct "a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." *See* Fed. R. Civ. P. 60(a). Although Plaintiff cursorily claims a "clerical error" related to "poor management of grievances," *see* Motion at 1, he does not assert a "clerical" error with regard to the judgment. The rule is therefore inapplicable in this case.

disobidience [*sic*] with the Court's Scheduling Order . . . ," seemingly arguing that Defendant Lane's MSJ was untimely. *See* docket entry #70 at 4 (PageID #207). However, the Court's Scheduling Order directed Defendant Lane to file an answer within 30 days of receipt of that Order. *See* docket entry #36. The Law Enforcement Division of the Office of the Attorney General acknowledged receipt of the Order on March 1, 2012, and filed an answer on behalf of Defendant Lane on March 29, 2012, well within the 30 day period. Defendant Lane then had 60 days in which to file a motion for summary judgment on the issue of exhaustion of administrative remedies. He filed his MSJ 60 days later, on May 29, 2012. Therefore, Plaintiff's contention of "disobidience" with the Scheduling Order is without merit.

Having addressed Plaintiff's "Order Denying Summary Judgment," his instant Motion for Relief adds nothing to his argument. He simply contends that there is "poor management of grievances" and that "[t]he Defendant's management of grievances is poor and can only blame it on clerical errors." Motion at 1. On that basis, Plaintiff "makes his grounds for relief from judgement, final judgement, and order and must continue the proceeding to a trial date." *Id*. (as in original). He therefore demands a trial and "order[s] [the Court] to schedule a trial date and have the Defendants answer to the charges and further enter a plea of guilty or not guilty and move to a trial." *Id*.

Despite this argument, the Court observes that Plaintiff separately filed an untitled pleading represented on the docket as a "Motion for Leave to File an Amended Complaint." *See* docket entry #94.[5] There, Plaintiff filed copies of the grievances he filed with regard to Defendant Lane. His Step 1 grievance, #2009218953, is included. *See* PageID #308-09. It complains that Defendant Lane

---

[5] The Court will separately address this pleading and others regarding a post-judgment request to amend Plaintiff's complaint.

"attacked" him in the south end showers when Plaintiff asked for a towel. *Id*. at 308. The grievance is dated August 24, 2009. The response, dated September 30, 2009, stated that a thorough investigation had taken place; Sergeant Lane denied the allegation; the grievance was included with a use of force report for further review; and that no further action would be taken. *Id*. at 309. Plaintiff also filed excerpts from a use of force report as well as Step 1 and Step 2 grievances he filed regarding the disciplinary case written against him for striking Sergeant Lane in the face with his fist. *Id*. at 323-26. However, neither of these grievances address the alleged "assault," only that the disciplinary hearing was allegedly improper. He has not filed anything purporting to be an actual Step 2 grievance exhausting his administrative remedies with regard to the alleged "assault." Therefore, he has not supported his claim of "poor management" of grievances, or that he ever exhausted his administrative remedies, with any evidence. Thus, he has also provided no basis for relief from judgment.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Relief From a Judgment or Order (docket entry #103) is hereby **DENIED**.

So **ORDERED** and **SIGNED** this **19** day of **November, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE