IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| NAZARIO CHAVEZ, JR., #01539693 | § | |
| VS. | § | CIVIL ACTION NO. 9:11cv121 |
| DARRON LANE, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Nazario Chavez, an inmate confined in the Eastham Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit under 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

Plaintiff filed his original complaint on July 21, 2011. Following an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), on February 9, 2012, the Court issued a Memorandum Opinion and Order of Partial Dismissal, which dismissed Defendants Warden Erwin and Assistant Warden Oliver, but directed that the lawsuit against Defendant Sergeant Lane could proceed. On May 29, 2012, Defendant Lane filed a Motion for Summary Judgment, asserting that Plaintiff had not exhausted his administrative remedies through the prison grievance system. On August 20, 2012, the Court granted summary judgment on Defendant Lane's behalf and dismissed the lawsuit with final judgment entered.

Plaintiff has appealed the dismissal and has also filed a number of post-judgment pleadings. Among them is an "Estoppel Order" (docket entry #107), in which Plaintiff purports to "order[] this

1

estoppel to have Defendant Darron Lane estopped from asserting failure to exhaust." *See* docket entry #107 at 1. The Court construes this purported "order" as a Motion to Estop the Assertion of the Affirmative Defense of Exhaustion of Remedies.

I.  **BACKGROUND**

The Court has recited the background and posture of this case in other post-judgment orders on Plaintiff's seriatim attempts to avoid judgment. Suffice to repeat that after the Court conducted the *Spears* hearing mentioned above and dismissed Defendants Warden Erwin and Assistant Warden Oliver, the sole remaining Defendant, Sergeant Lane, ultimately filed an answer and an MSJ asserting that Plaintiff failed to exhaust his administrative remedies before filing his lawsuit. On review of the MSJ and Plaintiff's responses, the Court granted summary judgment on behalf of Sergeant Lane and dismissed the lawsuit. Separately, the Court has already denied Plaintiff's post-judgment motion for relief from judgment.

With regard to Plaintiff's Motion to Estop, the motion is frivolous. Collateral estoppel, or issue preclusion, is generally applied when a party asserts that an issue has been formerly adjudicated, generally in an earlier lawsuit or legal action, and should be applied as against the other party. *See Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 500 (5th Cir. 1988) ("Collateral estoppel, or 'issue preclusion,' requires, among other things, that the allegedly precluded issue have been 'actually litigated and determined' in the prior action."), *cert. denied*, 490 U.S. 1035, 109 S. Ct. 1932, 104 L. Ed. 2d 404 (1989). The same is true for "res judicata (claim preclusion) [which] has four elements: '(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded to a final judgment on the merits; and (4) the same claim or cause of action was involved in both claims.'" *Wainscott*

*v. Dallas County, Texas*, 408 Fed. Appx. 813, 815 (5th Cir. 2011) (per curiam).

Here, there was no *former* legal action or lawsuit on which to base an order of estoppel. Judgment was rendered in this case on Defendant Lane's MSJ on the affirmative defense of exhaustion of administrative remedies. Plaintiff was unable to show a genuine dispute of material fact, *see* Fed. R. Civ. P. 56(a), to overcome Defendant Lane's right to summary judgment. There was no earlier argument, principle or finding in any legal action so as to estop Defendant Lane's invocation of Plaintiff's failure to exhaust his administrative remedies. Moreover, the Court has already considered Plaintiff's earlier motion for relief from the judgment and has denied it for largely related reasons.

It is accordingly

**ORDERED** that Plaintiff's Motion to Estop the Assertion of the Affirmative Defense of Exhaustion of Remedies (docket entry #107) is hereby **DENIED**.

So **ORDERED** and **SIGNED** this **29** day of **November, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE