# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

### LUFKIN DIVISION

| | | |
|---|---|---|
| NAZARIO CHAVEZ, JR., #01539693 | § | |
| VS. | § | CIVIL ACTION NO. 9:11cv121 |
| DARRON LANE, ET AL. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Nazario Chavez, an inmate confined in the Eastham Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit under 42 U.S.C. § 1983. The complaint was transferred to the undersigned Magistrate Judge with the consent of the parties pursuant to 28 U.S.C. § 636(c). He now seeks to have the District Judge who previously presided over this case prior to the consent assignment pursuant to § 636(c) "review and appeal" the judgment and the case dispositive motions leading to it. There is no basis for such review and Plaintiff's request will be denied.

Plaintiff filed his original complaint on July 21, 2011. Following an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), on February 9, 2012, the Court issued a Memorandum Opinion and Order of Partial Dismissal, which dismissed Defendants Warden Erwin and Assistant Warden Oliver, but directed that the lawsuit against Defendant Sergeant Lane could proceed. On May 29, 2012, Defendant Lane filed a Motion for Summary Judgment, asserting that Plaintiff had not exhausted his administrative remedies through the prison grievance system. On August 20, 2012, the Court granted summary judgment on Defendant Lane's behalf and dismissed

1

the lawsuit with final judgment entered.

Plaintiff has appealed the dismissal and has also filed a number of post-judgment pleadings. Among them is the "Review and Appeal" pleading (docket entry #111) that is the subject of this Memorandum Opinion and Order, in which Plaintiff purports to "order[] a review of case dispositive motions and prisoner litigation" surrounding the judgment entered in this case. The Court construes this purported "order" as a Motion to Appeal to a District Judge.

## I.      BACKGROUND

The Court has recited the background and posture of this case in other post-judgment orders on Plaintiff's seriatim attempts to avoid judgment. Suffice to repeat that after the Court conducted the *Spears* hearing mentioned above and dismissed Defendants Warden Erwin and Assistant Warden Oliver, the sole remaining Defendant, Sergeant Lane, ultimately filed an answer and an MSJ asserting that Plaintiff failed to exhaust his administrative remedies before filing his lawsuit. On review of the MSJ and Plaintiff's responses, the Court granted summary judgment on behalf of Sergeant Lane and dismissed the lawsuit. Separately, the Court has already denied Plaintiff's post-judgment motion for relief from judgment.

With regard to Plaintiff's Motion to Appeal, the motion, like certain other post-judgment motions Plaintiff has filed, is frivolous. He cites 28 U.S.C. § 636(b)(1)(B) and (c)(2) for his request for review by a District Judge. The former section states:

> a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

*See* 28 U.S.C. § 636(b)(1)(B) (footnote equating "posttrial" to "post-trial" omitted). This section is

the basis for referral of matters to a Magistrate Judge when the District Judge retains jurisdiction over the action, as when one or more parties declines to consent to Magistrate Judge jurisdiction. However, it is inapplicable in the sense that Plaintiff appears to use it, that is, as a basis for District Judge review after consent has been given and case assignment made to a Magistrate Judge for all matters in the case. The latter section states:

> If a magistrate judge is designated to exercise civil jurisdiction under paragraph (1) of this subsection, the clerk of court shall, at the time the action is filed, notify the parties of the availability of a magistrate judge to exercise such jurisdiction. The decision of the parties shall be communicated to the clerk of court. Thereafter, either the district court judge or the magistrate judge may again advise the parties of the availability of the magistrate judge, but in so doing, shall also advise the parties that they are free to withhold consent without adverse substantive consequences. Rules of court for the reference of civil matters to magistrate judges shall include procedures to protect the voluntariness of the parties' consent.

*See* 28 U.S.C. § 636(c)(2). Plaintiff correctly identifies this section as the basis for informing the parties to an action of the availability of a Magistrate Judge for consent jurisdiction, but it also has nothing to do with seeking review of a presiding Magistrate Judge's decisions by a District Judge. Instead, the applicable section is § 636(c)(3), which Plaintiff ignores:

> Upon entry of judgment in any case referred under paragraph (1) of this subsection, an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court.

*See* 28 U.S.C. § 636(c)(3). Thus, under this section, decisions of a Magistrate Judge who has been given authority to "conduct any or all proceedings in a jury or nonjury civil matter and order the entry in the case" by consent of the parties and designation to do so under § 636(c)(1) are appealable to the applicable United States Court of Appeals, which in this case is the United States Court of Appeals for the Fifth Circuit. Here, Plaintiff has already filed a notice of appeal (docket entry #91) of the judgment to the Fifth Circuit, which has docketed the case for review. *See* docket entry #92.

That is Plaintiff's path for recourse.

It is accordingly

**ORDERED** that Plaintiff's "order" for "Review and Appeal" pleading (docket entry #111), construed as a Motion to Appeal to a District Judge, is hereby **DENIED**.

So **ORDERED** and **SIGNED** this **29** day of **November, 2012.**

JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE